**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL PATRICK CRONIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1246** |
| **BRYAN P. RITCHEY** | **SECTION: "G"(4)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs Michael Patrick Cronin and Melissa Ortiz's (collectively, "Plaintiffs") Motion to Remand.[1] Plaintiffs seek to remand this case to state court on two grounds.[2] First, Plaintiffs argue that Defendant Bryan P. Ritchey's ("Defendant") removal of the case was untimely.[3] Second, Plaintiffs argue in the alternative that Defendant has not met his burden to show that the amount in controversy exceeded $75,000 at the time of removal.[4] In opposition, Defendant argues that removal was timely because the thirty-day removal period was not triggered until he received Plaintiffs' discovery responses, from which it first became ascertainable that the amount in controversy exceeded $75,000.[5] Defendant also argues that he has met his burden of showing that removal was proper.[6] For the reasons discussed below, the Court finds that Defendant

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 7-1 at 1.

[3] *Id.* at 5.

[4] *Id.* at 9.

[5] Rec. Doc. 12 at 2.

[6] *Id.* at 5.

has not met his burden of showing that the amount in controversy exceeded $75,000 at the time of removal. Considering the motion, the opposition, the record, and the applicable law, the Court grants the motion in part to the extent it requests that the case be remanded, denies the motion in part to the extent it requests attorney's fees be awarded to Plaintiffs, and remands the matter to the Civil District Court for the Parish of Orleans.

## I. Background

On October 14, 2025, Plaintiffs filed a petition in the Civil District Court for the Parish of Orleans against Bryan P. Ritchey and GEICO General Insurance Company ("GEICO").[7] In the petition, Plaintiffs allege that the motor vehicles operated by Plaintiff Cronin ("Cronin") and Defendant collided in an intersection, causing injuries to Plaintiffs.[8] Plaintiff Ortiz ("Ortiz") was a front seat passenger in the vehicle operated by Cronin.[9] Plaintiffs allege that Defendant caused the accident by negligently operating his vehicle and failing to stop at a red light.[10] In the petition, Plaintiffs seek damages for physical pain, suffering, and anguish (past, present, and future); mental anguish (past, present, and future); loss of enjoyment of life (past, present, and future); medical expenses (past, present, and future); inconvenience; past lost wages; and loss of future earning

[7] Rec. Doc. 1-2.

[8] Rec. Doc. 1-2 at 2.

[9] *Id.*

[10] *Id.*

capacity.[11] Cronin also seeks an award for property damage.[12] Plaintiffs state that each of their claims exceed $10,000.[13]

On June 3, 2025, Plaintiffs communicated with Defendant's insurer, GEICO, who made a settlement offer in the amounts of $42,500 for Cronin and $85,000 for Ortiz.[14] However, no pre-suit settlement was reached. On May 7, 2026, the claims against GEICO were dismissed without prejudice by the state court.[15]

On May 14, 2026 and June 3, 2026, Plaintiffs responded to Defendants' Requests for Admission, which requested that Plaintiffs "[a]dmit that, […] the total amount in controversy for [Plaintiffs'] individual clams in this matter, […], does not exceed $75,000, exclusive of interest and costs."[16] Plaintiffs both denied this Request for Admission, providing additional discovery showing medical expenses totaling $30,086 for Cronin and $45,891.52 for Ortiz.[17]

On June 10, 2026, Defendant filed a Notice of Removal in this Court. [18] On July 19, 2026, Plaintiffs filed the instant Motion to Remand.[19] On July 27, 2026, Defendant filed an opposition to the motion.[20]

---

[11] *Id.* at 3.

[12] *Id.*

[13] *Id.*

[14] Rec. Doc. 7-1 at 2–3.

[15] Rec. Doc. 1-3 at 49.

[16] Rec. Doc. 1-5; Rec. Doc. 1-6.

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 7.

[20] Rec. Doc. 12.

## II. Parties' Arguments

### *A. Plaintiffs' Arguments in Support of the Motion to Remand*

Plaintiffs first argue that the matter should be remanded to state court because the removal was untimely.[21] Plaintiffs maintain that although they did not allege a specific amount of damages in their initial pleading, Defendant had sufficient knowledge that Plaintiffs' claims were in excess of the jurisdictional amount.[22] Plaintiffs contend that Defendant's insurance claims adjuster acknowledged Plaintiffs' claims exceeded $75,000 when attempting to settle prior to litigation commencing.[23] Plaintiffs acknowledge that the pre-suit settlement offer does not constitute "other paper" for purposes of starting the removal clock, but instead argue that its existence reflects that Defendant "underst[ood] what was at stake once suit was filed."[24] Once litigation commenced, Defendant filed an Exception of Vagueness in state court on the issue of whether Plaintiffs had a federal claim, which Plaintiffs contend shows that Defendant had sufficient knowledge that the suit was removable and "simply waited too long to remove."[25]

Alternatively, Plaintiffs argue that even if there was not sufficient notice of the case's removability by the time of Plaintiffs' discovery responses, Defendant cannot use Plaintiffs' responses, namely the denials of Requests for Admission, to begin the running of the removal period because they were not "unequivocal statement[s] that damages exceed $75,000."[26] In

[21] Rec. Doc. 7-1 at 5.

[22] *Id.* at 6.

[23] *Id.* (citing Plaintiff's Exhibit A).

[24] *Id.*

[25] *Id.* at 6–7.

[26] *Id.* at 8.

support of their position, Plaintiffs contend other courts have found that for discovery documents to count as an "other paper," the documents must facially meet the "unequivocally clear and certain" standard.[27]

Even if removal is found to have been timely, Plaintiffs argue that remand is still proper because Defendant did not meet his burden of establishing that the amount in controversy exceeds the jurisdictional requirement.[28] Because it is not facially apparent from the petition that damages exceed $75,000, Plaintiffs argue that the burden is on Defendant to show, through summary-judgment-type evidence, that the amount in controversy has been met.[29] Plaintiffs aver that the evidence Defendant relies on requires speculation as to whether the amount in controversy has been met, so Defendant has not met his burden of showing that removal was clear and unequivocal from the discovery responses.[30] For these reasons, Plaintiffs asserts that the case should be remanded and Defendant should be ordered to pay Plaintiffs' attorneys fees and costs.[31].

***B. Defendant's Arguments in Opposition to the Motion***

In opposition, Defendant avers that removal of the suit to federal court was timely.[32] He argues that because Plaintiffs did not allege a specific damages amount in their initial pleading, he was required to remove within thirty days of receiving an "other paper" showing that the case was

---

[27] *Id.* at 8–9.

[28] *Id.* at 9.

[29] *Id.* at 10 (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

[30] *Id.* at 10–12. Further, Plaintiffs dispute Defendant's argument that the Court may alternatively exercise supplemental jurisdiction, because Defendant has not established that the amount in controversy is met as to either Plaintiff. *Id.* at 12.

[31] *Id.* at 12.

[32] Rec. Doc. 12 at 1.

removable.[33] Defendant contends that within thirty days of receiving Plaintiffs' discovery responses, he removed the case to this Court.[34] Defendant rejects Plaintiffs' claims that the insurance settlement offer provided him with sufficient notice of removability because the settlement negotiation was pre-suit and was not the result of a voluntary act by Plaintiffs.[35] Once Plaintiffs answered Defendant's discovery requests, "den[ying] that their claims did not exceed $75,000" and providing specific breakdowns of medical expenses,[36] Defendant asserts he had the requisite "notice to trigger removal under 28 U.S.C. § 1446(b)(3)."[37] Because he then removed the case within thirty days of receiving Plaintiffs' discovery responses, he argues removal was timely.[38]

As it relates to Plaintiffs' argument that Defendant did not satisfy his amount-in-controversy burden, Defendant asserts that courts have considered similar evidence to the evidence presented here in finding that the amount in controversy was satisfied.[39] Defendant distinguishes the instant matter from Plaintiffs' cited authorities, asserting that both the denials of Requests for Admission and medical evidence support removal.[40] If the Court finds that only one Plaintiff's

[33] *Id.* at 2.

[34] *Id.* at 2–3.

[35] *Id.* at 3.

[36] *Id.* at 5. Plaintiff Cronin listed special medical expenses of $30,347.00, and Plaintiff Ortiz listed special medical expenses of $48,067.52. Both Plaintiffs seek damages for past and future pain and suffering, past and future loss of enjoyment of life, past and future mental anguish, and past and future disability. Rec. Doc. 12-1.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 5–6 (citing *Pylant v. Sedgwick Claims Management Services, Inc.*, No. 17-00189, 2017 WL 3446536 (M.D. La. June 29, 2017), *report and recommendation adopted*, 2017 WL 3446029 (M.D. La. Aug. 10, 2017))

[40] *Id.* at 8 (showing that this matter is distinguished from *Johnson v. Arab Cartage & Express Co., Inc.* because *Johnson* did not consider Requests for Admission or medical billing evidence).

claims exceeds $75,000, Defendant argues that the Court exercise supplemental jurisdiction over the other Plaintiff's claims.[41] Defendant argues that removal was objectively reasonable, and thus, awarding fees and expenses to Plaintiffs is not warranted.[42] For these reasons, Defendant argues that removal is timely and proper, so the Court should deny Plaintiffs' Motion to Remand.[43]

## III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[44] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."[45] The removing party bears the burden of demonstrating that federal jurisdiction exists.[46] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal," and "[a]ny ambiguities are construed against removal."[47] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly

---

[41] *Id.*at 8–9 (citing *Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546, 549 (2005)).

[42] *Id.* at 9.

[43] *Id.*

[44] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

[45] 28 U.S.C. § 1332.

[46] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[47] *Manguno*, 276 F.3d at 723.

construed in favor of remand."[48] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[49]

## IV. Analysis

Plaintiffs seek to remand this case to state court on two grounds.[50] First, Plaintiffs argue that Defendant's removal of the case was untimely.[51] Second, Plaintiffs argue in the alternative that Defendant has not met his burden to show that the amount in controversy exceeded $75,000 at the time of removal.[52] Since the amount in controversy is a jurisdictional requirement, the Court begins with Plaintiffs' alternative argument.

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[53] "The jurisdictional facts that support removal must be judged *at the time of the removal*."[54]

To show that the amount in controversy is satisfied, Defendant primarily relies on Plaintiffs' denial of the Requests for Admission that the total damages claimed did not exceed

---

[48] *Id.*

[49] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[50] Rec. Doc. 7-1 at 1.

[51] *Id.* at 5.

[52] *Id.* at 9.

[53] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Civ. Code 893).

[54] *Id.* (emphasis added).

$75,000.[55] A denial of a request for admission standing alone does not satisfy the amount in controversy jurisdictional requirement.[56] Rather, the denial of a request for admission, like a refusal to stipulate to the amount in controversy, may be considered as a relevant factor in the amount-in-controversy inquiry.[57] The Court therefore considers whether the other summary-judgment-type evidence submitted by Defendant establishes that the amount in controversy exceeded $75,000 at the time of removal.[58]

Defendant contends that Cronin's medical expenses total $30,086, with amounts still accruing.[59] Defendant further explains that Ortiz's medical expenses total $45,891.52, with amounts still accruing, including psychiatric treatment.[60] Defendant states that both Plaintiffs asserted claims for future medical expenses, lost wages, loss of earning capacity, and general damages including pain and suffering and mental anguish.[61] Defendant attaches medical records in support of his argument. Although Plaintiffs may be continuing treatment with their doctors, Defendants do not estimate the cost of Plaintiffs' ongoing treatment or the cost of potential future treatment. Similarly, even if Plaintiffs' medical costs increased, the amount in controversy must be determined at the time of removal.

---

[55] Rec. Doc. 12 at 5.

[56] *Mabry v. Gov't Employee's Ins. Co.*, 267 F. Supp. 3d 724, 730 (N.D. Miss. 2017) (Brown, J.).

[57] *See Penn v. Home Depot U.S.A., Inc.,* No. 13-3083, 2013 WL 6859119, at *3 (S.D. Tex. Dec. 30, 2013) (Rosenthal, J.) ("A refusal to stipulate to the amount of damages is a factor in determining the amount in controversy.") (collecting cases).

[58] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1334 (5th Cir. 1995).

[59] Rec. Doc. 12 at 6–7.

[60] *Id.*

[61] *Id.* at 7.

Moreover, "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement."[62] An exception to this rule arises when plaintiffs assert a "common right."[63] Here, Plaintiffs do not assert any common right. Each plaintiff seeks to recover for personal and property damages affecting him or her individually. Therefore, Plaintiffs' claims cannot be aggregated for purposes of calculating the amount in controversy.[64]

Defendant points out that Plaintiffs claim damages for past, present and future pain and suffering; past, present and future lost wages; and property damages in addition to past medical expenses account for the deficit. However, Defendant must "do more than show that certain categories of damages could potentially bring the amount in controversy over $75,000…"[65] Courts have remanded cases "in which plaintiffs failed to plead permanent disability or that their injuries required surgery, even when plaintiffs included claims such as lost wages, medical expenses, and past and future mental and physical pain and suffering."[66] "[T]he types of damages alleged by [the plaintiff] generally assist in establishing the amount in controversy require[d] by § 1332, such

[62] *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

[63] *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 n.6 (5th Cir. 2008).

[64] *Allen*, 63 F.3d at 1333–34 (finding district court appropriately aggregated punitive damages of multiple plaintiffs because punitive damages are not designed to compensate individual plaintiffs but to punish defendants); *Phillips Petroleum John Hunter, Inc. v. Great Impressions Apparel, Inc.*, 313 F. Supp. 2d 644, 647–48 (N.D. Tex. 2002) (finding claims should be aggregated where "[p]laintiffs' interests are derived from the same oral contract and they sue together to enforce that contract").

[65] *Steed v. Chubb Nat'l Ins. Co.*, No. 15-6511, 2016 WL 403837, at *3 (E.D. La. Feb. 3, 2016) (Barbier, J.).

[66] *Buchana v. Wal-Mart Stores, Inc.*, No. 99 2783, 1999 WL 1044336, at *3 (E.D. La. Nov. 17, 1999) (Vance, J.); *see Loftin v. Hughes*, 14-1608, 2014 WL 3893313, at *3–4 (E.D. La. Aug. 7, 2014) (Brown, J.) In *Loftin*, the plaintiffs filed a negligence claim following a motor vehicle accident and claimed property damage, physical pain and suffering, loss of income. On defendants' motion to remand, this Court noted that defendants failed to provide information concerning the plaintiffs hourly wage, how much time the any of the plaintiffs has lost from work, or the extent of damage to the vehicle. For those reasons, this Court held that the defendants failed to show that plaintiffs' damages would more than likely not meet the jurisdictional threshold.

allegations alone, unaccompanied by pertinent factual detail, 'simply provide[ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages [the plaintiff has] incurred.'"[67]

Plaintiffs allege lost wages, property damage, and pain and suffering damages. However, Defendant has provided no information regarding the amount of Plaintiffs' wages, how much income Plaintiffs have lost, or the extent of the damage to the vehicle. Furthermore, pain and suffering damages are "inherently speculative and difficult to quantify."[68] For those reasons, Defendant has failed to show that the damages listed above would more likely than not meet the jurisdictional threshold.

Defendant cites cases from the federal courts of Louisiana to assert that the nature of Plaintiffs' injuries establishes the required jurisdictional amount.[69] However, the inquiry into whether a plaintiff's damage reach the jurisdictional threshold is "highly fact-specific … especially when the plaintiff has a herniated disc, among other alleged injuries."[70] Even if the nature of Plaintiffs' injuries could potentially bring the amount in controversy over $75,000, the Court finds that, in this case, Defendant has failed to prove by a preponderance of the evidence that either of Plaintiffs' claim will exceed $75,000.

---

[67] *Gallin v. Tyson Foods, et al.*, No. 18-10134, 2019 WL 2611126, at *7–8 (E.D. La. June 26, 2019) (Africk, J.) (alterations in original in part).

[68] *Griffin v. Winn-Dixie Montgomery*, No. 14-1162, 2014 WL 2158482, at *2 (E.D. La. May 22, 2014) (Brown, J.).

[69] Rec. Doc. 12 at 6–7.

[70] *Gallin*, 2019 WL 2611126, at *4 (noting that courts have "repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum.").

Ultimately, Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant cannot overcome this failure by relying on Plaintiff's refusal to stipulate to an amount in controversy below $75,000.[71] For these reasons, this court lacks diversity jurisdiction over this case, and it should be remanded to state court.

Plaintiffs also request that costs and attorney's fees be awarded for the improper removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[72] The decision to award attorney's fees under Section 1447(c) is within the sound discretion of the Court.[73] The "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[74] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) where "the removing party lacks an objectively reasonable basis for seeking removal."[75] Plaintiffs have not demonstrated that attorney's fees are warranted in this case. Although the Court finds that Defendant has not established that the amount in controversy is met, Plaintiffs have not shown Defendant lacked an objectively reasonable basis for seeking removal. Accordingly,

---

[71] *Ingram v. Global Hawk Ins. Co.*, No. 14-0777, 2014 WL 2739459, at *5 (E.D. La. June 17, 2014). (Berrigan, J.) (noting that a "plaintiff's failure to file such a stipulation (or otherwise admit that the amount in controversy is lower than the jurisdictional minimum) does not alleviate defendants' burden of proof").

[72] 28 U.S.C. § 1447(c).

[73] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[74] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012) (internal citations omitted).

[75] *Id.* at 542 (internal citations omitted).

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand[76] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it requests the case be remanded. The motion is **DENIED** to the extent it requests that costs and attorney's fees be awarded to Plaintiffs' counsel.

**IT IS FURTHER ORDERED** the above-captioned matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings.

**NEW ORLEANS, LOUISIANA**, this 30th day of September, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[76] Rec. Doc. 7.